**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
707 SW Washington St., Ste. 600
Portland, OR 97205
T: (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com

*Attorneys for Plaintiffs and the Proposed Class*
*(Additional counsel listed on signature page.)*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEFFREY SAWYER and BALTAZAR ORTIZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARION COUNTY, on behalf of itself and all others similarly situated, CLACKAMAS COUNTY, on behalf of itself and all others similarly situated, ELLEN F. ROSENBLUM, in her official capacity as ATTORNEY GENERAL OF THE STATE OF OREGON, and BETSY IMHOLT, in her official capacity as DIRECTOR OF THE OREGON DEPARTMENT OF REVENUE,<br><br>Defendants. | Case No. 3:23-cv-01971<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

1.       Plaintiff Jeffrey Sawyer and Plaintiff Baltazar Ortiz ("Plaintiffs") bring this action individually and on behalf of all others similarly situated ("Plaintiff Class") against Defendants Marion County and Clackamas County, on behalf of themselves and all others similarly situated ("Defendant Class"), as well as against the State of Oregon by and through its Attorney General, Ellen F. Rosenblum, in her official capacity, and the Agency Director of the Oregon Department of Revenue, Betsy Imholt, in her official capacity ("Defendants").

## NATURE OF THE ACTION

2.       This case seeks to end and remedy the unfair and illegal practice of Oregon Counties retaining the entirety of proceeds from the tax foreclosure sale of properties that are greater than the amount of property taxes and associated costs owed, rather than returning the surplus proceeds to the former property owners.  Oregon Counties use small amounts of unpaid real estate property taxes to seize property, evict the owners, and then either take and keep the property for the Counties' benefit or sell the property for amounts that exceed the amount of unpaid taxes and keep those excess proceeds.  This conduct has occurred from at least May 25, 2017, to the present ("the Class Period").

3.       The Counties do not provide adequate measures for former property owners to recover the excess surplus of the sold properties or the excess value of the properties that the Counties keep and do not sell.

4.       The Oregon Attorney General and the Oregon Department of Revenue have general supervisory and control over these tax foreclosure proceedings including seeing that such proceedings shall be conducted in orderly manner and are responsible for instituting or completing foreclosure proceedings when such proceedings fail to occur.  This conduct has occurred from at least May 25, 2017, to the present ("the Class Period").

5.      In *Tyler v. Hennepin County*, 598 U.S. 631 (2023), the United States Supreme Court held that the practice of a government retaining surplus proceeds without providing an adequate means for the former property owners to recover the surplus proceeds is a taking of private property for public use without just compensation in violation of the U.S. Constitution.

6.      Plaintiffs assert that the retention and distribution of surplus proceeds in excess of the unpaid taxes and associated charges violates the U.S. and Oregon Constitutions' prohibitions on the taking of private property for public use without just compensation as well as the U.S. Constitution's prohibition on the imposition of excessive fines.

7.      Plaintiffs, on behalf of themselves and all others similarly situated, seek just compensation for the taking of their private property without just compensation, a declaration that ORS 275.275 is unconstitutional, an injunction against further violations, reimbursement of expenses and costs of suit and attorneys' fees as allowed by law, prejudgment interest, and such other relief as the Court deems just and proper.

## THE PARTIES

8.      Plaintiff Jeffrey Sawyer ("Plaintiff Sawyer") is currently a citizen and resident of Idaho.

9.      Plaintiff Sawyer purchased a commercial property at 280 Pine Street NE, Salem, Oregon 97301 ("Sawyer Property") in 2007 for around $1,240,000.

10.      Marion County foreclosed on the Sawyer Property in 2014 due to around $31,000 in taxes owed.

11.      Plaintiff Sawyer is not aware of receiving notice of the foreclosure hearing or the foreclosure complaint filed against him.

12.      On or around October 11, 2023, Marion County sold the Sawyer Property for around $405,000.

13.     Rather than return the roughly $374,000 dollars above the amount of taxes and related fees that Plaintiff Sawyer owed ("Sawyer Surplus Proceeds"), Marion County retained and distributed all of the Sawyer Surplus Proceeds pursuant to ORS 275.275, which mandates that Marion County may not return the excess surplus proceeds from the sale of a tax foreclosure property and instead must retain and distribute the proceeds to local governmental entities.

14.     Marion County offered no process for Plaintiff Sawyer to regain any of the surplus proceeds from the tax foreclosure sale of his former property.

15.     Plaintiff Baltazar Ortiz ("Plaintiff Ortiz") is a citizen and resident of Oregon.

16.     Plaintiff Ortiz purchased a commercial property that Clackamas County records identify as 26E20CC00100, Property Number: 00706917, Legal Description: 409 ALDER CREEK SUMMER HMS PT LT 6 ("Ortiz Property").

17.     Plaintiff Ortiz did not receive adequate notice that the property was foreclosed and that he could redeem the property.  When he called Clackamas County to ask how he could redeem the property, he was told he was out of time to successfully redeem the property.  The redemption period ended in 2019.

18.     Rather than sell the property after 2019 and return the excess proceeds to Plaintiff Ortiz, Clackamas County has kept the property to use for its own and the public's benefit. Clackamas County has not provided any compensation to Plaintiff Ortiz for the use of this property.

19.     The value of the Ortiz Property exceeds the amount of taxes and associated fees owed.  Clackamas County has not compensated Plaintiff Ortiz for this excess value, despite Clackamas County's retention and use of the property.

20.     Plaintiffs bring this action on their own behalf and on behalf of a Class of all others similarly situated, defined herein below, pursuant to Federal Rule of Civil Procedure 23.

21.     Defendant Marion County is a political subdivision of the State of Oregon.

22.     Defendant Marion County effected a Taking of Plaintiff's and Plaintiff Class members' properties by retaining the surplus proceeds from the tax foreclosure sales of Plaintiff's and Plaintiff Class members' properties.

23.     Defendant Marion County also effected a Taking of Plaintiff's and Plaintiff Class members' properties by keeping the properties for the County's use, rather than selling the properties, and by failing to return to the former property owner the excess value of the properties above the amount of taxes and associated fees that were owed.

24.     Defendant Marion County follows the same process as all other counties in the State of Oregon regarding the retention and distribution of surplus proceeds that ORS 275.275 requires.

25.     Defendant Clackamas County is a political subdivision of the State of Oregon.

26.     Defendant Clackamas County effected a Taking of Plaintiff's and Plaintiff Class members' property by unconstitutionally retaining the surplus proceeds from the tax foreclosure sale of Plaintiff's and Plaintiff Class members' former properties.

27.     Defendant Clackamas County also effected a Taking of Plaintiff's and Plaintiff Class members' properties by keeping the properties for the County's use, rather than selling the properties, and by failing to return to the former property owners the excess value of the properties above the amount of taxes and associated fees that were owed.

28.     Defendant Clackamas County follows the same process as all other counties in the State of Oregon regarding the retention and distribution of surplus proceeds that ORS 275.275 requires.

29.     Defendant Ellen Rosenblum, who is sued in her official capacity, is the Attorney General of the State of Oregon.  The Attorney General is responsible for instituting or completing foreclosure proceedings in Marion and Clackamas Counties and all other Oregon Counties when a district attorney, as ORS 312.005 defines the term, fails to institute or complete foreclosure proceedings in the manner that Chapter 312 "Foreclosure of Property Tax Liens" requires.

30.     Defendant Rosenblum maintained, enforced, and permitted all Oregon counties to enforce a statute to retain and distribute surplus proceeds of tax foreclosure sales of Plaintiffs' and Class Members' properties in violation of the Oregon and U.S. Constitutions.

31.     Defendant Betsy Imholt, who is sued in her official capacity, is the Director of the Oregon Department of Revenue ("Defendant Imholt").  ORS 312.020, "Supervision by Department of Revenue," provides that the Oregon Department of Revenue "shall have general supervision and control over tax foreclosure proceedings under ORS 312.010 (When real property subject to tax foreclosure) to 312.120 (Period during which property held by county) and 312.130 (Release of claims of county by redemption) to 312.240 (Vacation of judgment) to the end that such proceedings shall be conducted in a uniform and orderly manner in all counties of the state."

32.     The Director of the Oregon Department of Revenue may call upon the Attorney General to institute or complete foreclosure proceedings that Chapter 312 requires whenever a

district attorney, as ORS 312.005 defines the term, fails to institute or complete foreclosure proceedings.

## JURISDICTION AND VENUE

33.    Plaintiffs repeat, reallege, and incorporate herein by reference all preceding paragraphs.

34.    This Court has subject matter jurisdiction of this action as the federal claims in this Complaint arise under the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the U.S. Constitution and, as a result, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

35.    This Court has supplemental jurisdiction over Plaintiffs' claims arising under the Oregon Constitution pursuant to 28 U.S.C § 1367 because those claims arise out of a common nucleus of operative facts with the federal claims that are within the Court's original jurisdiction.

36.    Venue of this action is properly laid in the United States District Court for the District of Oregon because the Defendants are within its geographical jurisdiction and conduct business within the State.

## FACTUAL ALLEGATIONS

37.    Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs.

38.    The U.S. and Oregon Constitutions limit the government's power by prohibiting a taking of property in the absence of a "public use" and requiring that if property is taken, "just compensation" must be paid.

39.    The Fifth Amendment to the U.S. Constitution states "nor shall private property be taken for public use, without just compensation."  The Fourteenth Amendment to the U.S. Constitution makes the Fifth Amendment applicable to States.  It provides, in pertinent part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens

of the United States; nor shall any State deprive any person of life, liberty, or property, without

due process of law; nor deny to any person within its jurisdiction the equal protection of the

laws."

40.     Article I, Section 18 of the Oregon Constitution similarly provides, "Private

property or services taken for public use.  Private property shall not be taken for public use, nor

the particular services of any man be demanded, without just compensation; nor except in the

case of the state, without such compensation first assessed and tendered."

41.     The U.S. Constitution also prohibits the imposition of excessive fines.  The

Eighth Amendment, which applies to the States, provides that "[e]xcessive bail shall not be

required, nor excessive fines imposed, nor cruel and unusual punishments inflected."

42.     ORS Chapter 312 contains Oregon's tax foreclosure laws.

43.     ORS 312.020 vests supervision and control over tax foreclosure proceedings with

the Oregon Department of Revenue.  ORS 312.020 allows the Oregon Department of Revenue to

call upon the Attorney General to institute or complete foreclosure proceedings and directs the

process by which the county or the Secretary of State reimburses the Attorney General for all

costs that the Attorney General incurs in foreclosure proceedings.

44.     ORS 312.010(1) makes all land subject to foreclosure for delinquent property

taxes after three years of nonpayment.  The foreclosure process occurs annually in each county

and begins with the preparation of a list of the delinquent parcels within the county's boundaries,

as ORS 312.030(1) prescribes.  The county then brings one "general proceeding" against each

property pursuant to ORS 312.050(2).  ORS 312.040(1) directs all counties to provide notice to

the owners by publication of the foreclosure list in a newspaper of general circulation within the

county and by certified and first-class mail to the owner of each parcel according to the county

deed records.  ORS 312.070 allows any person interested in any real property in the foreclosure

list to file an answer and defense to the application for the judgment of foreclosure and the court

hears the answer in a summary manner, as ORS 312.080 describes.  If the objection is overruled,

or if no objection is raised, the court enters a judgment foreclosing the tax liens, pursuant to ORS

312.100, and ordering "that the several properties be sold directly to the county for the respective

amounts of taxes and interest for which the several properties are liable."

     45.     After the judgment of foreclosure, ORS 312.120(1) and (2) directs that for two

years after the sale, any person with an interest in a parcel, including any heir, devisee, or

lienholder, can "redeem" the interest in the property by paying the taxes owed, plus interest and a

"penalty."  Specifically, the statute states that the person "may redeem the property by payment

of the full amount applicable to the property under the judgment, with interest thereon as

provided by law, plus a penalty of five percent of the total amount applicable to the property

under the judgment and a fee as specified."  To successfully redeem a property, former property

owners must therefore pay multiple fees and a "penalty," greater than the fees owed from the

taxes.  If not redeemed within that time, the property is deeded to the county without any

encumbrances, pursuant to ORS 312.200.

     46.     After the redemption period runs, Defendants Marion County and Clackamas

County, as well as all other Oregon counties, either keep the property for their own use without

compensating the former property owner for the value of the property above what was owed, or

the Counties sell the foreclosed property and retain all proceeds from the sale.  Defendants

Marion County and Clackamas County, as well as all other Oregon counties, often keep

properties for the Counties' own use and then sell the property at a date that is many years after

the redemption period had ended.

47.    This specific stage of Oregon's tax foreclosure regime, when Defendants Marion and Clackamas Counties, and all other counties in Oregon, retain and distribute all proceeds pursuant to ORS 275.275 or elect to not sell the property and to keep the entire property for their own benefit without providing the excess value to the former property owner, is the subject matter of this action.  This is the point at which Plaintiffs' and Plaintiff Class members' properties are taken without just compensation and when excessive fines are imposed against Plaintiffs and Plaintiff Class members.

48.    ORS 275.275 directs Defendants Marion and Clackamas Counties, and all other Oregon counties, to retain and distribute the surplus proceeds in a compulsory and uniform manner.  The proceeds from the sale first reimburse the county general fund for the amount of state taxes owed to the county.  Next, the proceeds reimburse the county general fund for any penalties and fees the county incurred in the maintenance of the tax-foreclosed property prior to its sale.  The balance of the remaining proceeds is then distributed to an account or fund created in the discretion of the county treasurer, to municipal corporations holding local improvement liens, and to the certified taxing districts within the county.

49.    Officials in each county of the state of Oregon are charged with enforcing or uniformly acting in accordance with ORS 275.275.

50.    Defendants Marion County and Clackamas County, as well as all other counties in Oregon, therefore, retain all the excess equity or value in the property even after taxes and all associated charges have been fully satisfied, pursuant to ORS 275.275.

51.    No mechanism is available for the former property owner to recover the excess equity or value of the surplus proceeds after the sale of the property.

52.    The County retains and distributes the proceeds years after the foreclosure judgment.  This means that while Plaintiffs and Plaintiff Class members can object to and answer the foreclosure judgment at a foreclosure hearing, Plaintiffs and Plaintiff Class members cannot possibly answer and object to the separate and subsequent matter of the distribution of proceeds at the foreclosure hearing because the sale, retention, and distribution of proceeds has not yet occurred, may not ever occur after the foreclosure hearing, or will occur at an unknown future date for unknown sale and surplus proceeds amounts.

53.    In May 2023, the United States Supreme Court held that the retention of proceeds from a tax sale above the amount owed from the unpaid property taxes constitutes a "classic taking in which the government directly appropriates private property for its own use." *Tyler v. Hennepin Cty.*, 598 U.S. 631, 639 (2023).  The Supreme Court explained that State law cannot "sidestep the Takings Clause by disavowing traditional property interests in assets it wishes to appropriate." *Id.* at 638.

54.    Plaintiffs have constitutional and prudential standing under Article III of the U.S. Constitution to pursue the claims set forth herein.

## CLASS ACTION ALLEGATIONS

55.    Plaintiffs repeat, reallege and incorporate herein by reference all preceding paragraphs.

56.    Plaintiffs request that this Court enter an order certifying this action as a class action on behalf of a proposed Plaintiff Class and a proposed Defendant Class.

57.    Plaintiffs request that this Court enter an order certifying this action as a class action on behalf of a proposed Plaintiff Class pursuant to Rule 23(a), 23(b)(1)(A), 23(b)(1)(B), 23(b)(2), and 23(b)(3).

58.     Plaintiffs request certification of the "Plaintiff Class" defined as follows:

All Persons and entities, and their heirs and successors, who owned or had an ownership interest in real property that a Defendant or member of the Defendant Class seized through a foreclosure action, or could have enforced such seizure, in order to satisfy unpaid real estate taxes and associated fees and penalties. The real property in question must have been seized through a foreclosure action and either (1) sold during the Class Period for more than the amount necessary to satisfy such taxes and associated charges and the County offered inadequate opportunity for the taxpayer to recover the surplus proceeds; or (2) retained by the local government tax authority during the Class Period and the value of the retained property exceeded such taxes and associated charges, and the County offered inadequate opportunity for the taxpayer to recover the excess value.

59.     Excluded from the Plaintiff Class are Defendants, the presiding Judge and Court staff assigned to this case, the U.S. Department of Treasury, and the U.S. Internal Revenue Service.  Plaintiffs reserve the right to modify or amend the class definition, as appropriate, during the course of this litigation.

60.     The members of the Plaintiff Class are so numerous that their individual joinder is impracticable.  On information and belief, members of the Plaintiff Class number at least in the thousands.  The precise number of members of each of the Plaintiff Class and their current addresses are presently unknown to Plaintiffs but may be ascertained from government property and tax records.  Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

61.     Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over questions affecting only individual Plaintiff Class members.  Such common questions of law or fact include:

(a)     Whether ORS 275.275 on its face or as applied violates the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution;

(b)     Whether Defendants should be enjoined from enforcing ORS 275.275

because it violates the Fifth, Eighth, or Fourteenth Amendments to the

U.S. Constitution;

(c)     Whether Defendants committed a Taking of Plaintiffs' and the Class

Members' properties without just compensation in violation of the Fifth

Amendment of the U.S. Constitution;

(d)     Whether Defendants' Taking of Plaintiffs' and the Class Members'

properties for public use was without "compensation first assessed and

tendered" in violation Art. I, section 18 of the Oregon Constitution; and

(e)     Whether Defendants imposed an excessive fine on Plaintiffs and the Class

Members in violation of the Eighth Amendment to the U.S. Constitution.

62.     Plaintiffs' claims are typical of the claims of the other members of the Plaintiff

Class, because, among other reasons, Plaintiffs and all members of the Plaintiff Class suffered

the same type of injury, namely, each county in Oregon retained all surplus proceeds from the

sale of their former properties and distributed the surplus proceeds pursuant to ORS 275.275, or

did not sell the properties and instead retained for their own use the properties valued in excess

of the taxes and associated fees owed without providing adequate opportunity for the former

property owners to recover those excess values.

63.     Plaintiffs are adequate Class representatives because their interests do not conflict

with the interests of the other Plaintiff Class members they seek to represent, they have retained

counsel competent and experienced in class action litigation, and their counsel will prosecute this

action vigorously.  Plaintiffs and their counsel will fairly and adequately protect the Plaintiff

Class members' interests.

64.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiffs and the other members of the Plaintiff Class individually are relatively small compared to the burden and expense that would be required to separately litigate their claims against Defendants, so it would be uneconomical and impracticable for Class Members to individually seek redress for the wrongful conduct.  Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

65.     Plaintiffs also request that this Court enter an order certifying this action as a class action on behalf of a proposed Defendant Class pursuant to Rule 23(a), 23(b)(1)(A), (B), 23(b)(2), and 23(b)(3).

66.     Plaintiffs request certification of the "Defendant Class" defined as follows:

> All Counties in Oregon that seized property through a foreclosure action to satisfy unpaid real estate taxes and associated fees and penalties and, during the Class Period, (1) sold the property for more than the amount necessary to satisfy such taxes and associated charges and kept all of the proceeds from the sale, and did not provide adequate opportunity for the taxpayer to recover the surplus proceeds; or (2) took ownership of and retained real property for non-payment of taxes that was worth more than the taxes and associated fees owed, and did not provide adequate opportunity for the taxpayer to recover the excess value.

67.     Excluded from the Defendant Class are the presiding Judge and Court staff assigned to this case, the U.S. Department of Treasury, and the U.S. Internal Revenue Service.  Plaintiffs

reserve the right to modify or amend the Class Definition, as appropriate, during the course of this litigation.

68.    The thirty-six members of the Defendant Class act in a uniform manner pursuant to ORS 275.275.  Individual joinder is impracticable compared to establishing a Defendant Class consisting of the numerous Counties that act in the uniform, and mandatory, manner. Prosecuting separate actions by or against the individual Defendant Class members could establish incompatible standards of conduct.  Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

69.    Common questions of law and fact exist as to all members of the Defendant Class and predominate over questions affecting only individual Defendant Class members. Such common questions of law or fact include:

(a)    Whether ORS 275.275 on its face or as applied violates the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution;

(b)    Whether Defendants should be enjoined from enforcing ORS 275.275 because it violates the Fifth, Eighth, and/or Fourteenth Amendments to the U.S. Constitution;

(c)    Whether Defendants committed a Taking of Plaintiffs' and the Class Members' properties without just compensation in violation of the Fifth Amendment of the U.S. Constitution;

(d)    Whether Defendants' Taking of Plaintiffs' and the Class Members' properties for public use was without "compensation first assessed and tendered" in violation Art. I, section 18 of the Oregon Constitution; and

(e)     Whether Defendants imposed an excessive fine on Plaintiffs and the Class

Members in violation of the Eighth Amendment to the U.S. Constitution.

70.     Defendants' defenses are typical of the defenses of the other members of the

Defendant Class.  Plaintiffs and all members of the Plaintiff Class suffered the same type of

injury, namely, Defendants and each member of the Defendant Class retained all surplus

proceeds from the sale of the members of the Plaintiffs' and Plaintiff Class members' former

properties and distributed the surplus proceeds pursuant to ORS 275.275, or did not sell the

properties and instead retained for their own use the properties valued in excess of the taxes and

associated fees owed without providing an opportunity for the former property owners to recover

those excess values.  Defendants and each member of the Defendant Class acted in a consistent

and uniform manner, pursuant to ORS 275.275 that mandates non-discretionary retention and

distribution procedures of surplus proceeds.

71.     Defendants are adequate Defendant Class representatives because their interests

do not conflict with the interests of the Defendant Class members they seek to represent.  Each

County of the Defendant Class either retains and distributes surplus proceeds from property

foreclosed upon within that specific County, or each County does not sell a foreclosed property

and instead retains for itself the property that is valued in excess of the taxes and fees owed by

the former property owner.  The distribution of the surplus proceeds, or the retention of the entire

property, remains within each County and does not conflict with the retention and distribution of

surplus proceeds, or the retention of the entire property, within other counties.  Defendants share

the same defenses and enjoy the same benefits gained from the unconstitutional conduct

regarding such retention and distribution of proceeds.

72.    A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

73.    Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system.  By contrast, the Class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>COUNT I</u>

**DECLARATORY JUDGMENT THAT ORS 275.275
VIOLATES THE FIFTH, EIGHTH, AND FOURTEENTH
AMENDMENTS TO THE U.S. CONSTITUTION**

**ASSERTED AGAINST ALL DEFENDANTS AND THE DEFENDANT CLASS**

74.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1–73 as if fully set forth herein.

75.    In material part, 28 U.S.C. § 2201 (a) provides, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

76.    On its face, or as applied, ORS 275.275 violates the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

77.    Defendants' and the Defendant Class's enforcement of ORS 275.275 constitutes a continuing violation of federal law.

78.     A declaratory judgment that ORS 275.275 violates the U.S. Constitution would

provide prospective relief from the ongoing violation of the U.S. Constitution.

## COUNT II

### VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AMENDMENT PROHIBITION ON TAKINGS WITHOUT JUST COMPENSATION, 42 U.S.C. § 1983

### ASSERTED AGAINST DEFENDANT MARION COUNTY, DEFENDANT CLACKAMAS COUNTY, AND THE DEFENDANT CLASS

79.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1–73 as if

fully set forth herein.

80.     The Fifth Amendment to the U.S. Constitution provides that "nor shall private

property be taken for public use, without just compensation," U.S. Const., Amend. V, known

colloquially and jurisprudentially as the "Takings Clause" of the United States Constitution.

81.     The Takings Clause is applicable to all States through the Fourteenth

Amendment, and by extension their subdivisions, instrumentalities, and departments, including

the Defendants.  *See, e.g.*, *Tyler*, 598 U.S. at 637; *Palazzolo v. Rhode Island,* 553 U.S. 606

(2001).

82.     "[T]he purpose of the Takings Clause is to prevent the government from forcing

some people alone to bear public burdens which, in all fairness and justice, should be borne by

the public as a whole."  *Palazzolo,* 533 U.S. at 618.

83.     Defendants' and the Defendant Class's retention of the surplus proceeds amounts

to a Taking of private property for public use without just compensation.  *Tyler*, 598 U.S. at 639.

84.     A legislature cannot constitutionally enact a law which effects a Taking of private

property without just compensation.  *See, e.g.*, *Tyler*, 598 U.S. at 638; *Acker v. Comm'r of*

*Internal Revenue,* 258 F. 2d 568 (6th Cir., 1958), *aff'd* 361 U.S. 87 (1959).

85.     Plaintiffs and Plaintiff Class members had a cognizable property interest in their respective parcels and have a cognizable property interest in the surplus proceeds and the surplus value that the Fifth Amendment to the U.S. Constitution and its Takings Clause protect.

86.     Defendants and Defendant Class members physically took Plaintiffs' and Plaintiffs Class Members' real property and physically took, now possess, and refuse to tender and deliver to Plaintiffs and the Plaintiff Class members their surplus proceeds and/or the surplus value of the property.

87.     Defendants and the Defendant Class have already or will expend the surplus proceeds from the auction of real property belonging to Plaintiffs and Plaintiff Class members. These proceeds have not been used for a valid public use.

88.     In the alternative, some or all of the surplus proceeds or excess value has been used for a valid public use, but Plaintiffs and Plaintiff Class members have not received just compensation and Plaintiffs and Plaintiff Class Members have been and would be forced to bear alone public burdens which in all fairness and justice the public should bear as a whole. Defendants and the Defendant Class did not offer to pay just compensation before, during, or after the taking of Plaintiffs' and the Plaintiff Class members' property.

89.     Defendants and the Defendant Class have not provided Plaintiffs or the Plaintiff Class members an adequate procedure to seek just compensation for the taking of their surplus proceeds and have therefore violated Plaintiffs' and Plaintiff Class members' rights to Due Process that the Fifth Amendment guarantees.

90.     Plaintiffs' and Plaintiff Class members' claims asserted herein before this Court are mature and ripe.

91.    Plaintiffs and the Plaintiff Class members have suffered damages.  The Takings Clause requires Defendants to pay Plaintiffs and Plaintiff Class members money damages that constitute just compensation for the Taking of their private property.

92.    Plaintiffs' and the Plaintiff Class members' constitutional right to just compensation for government seizure of their property for public purposes is a fundamental right deeply rooted in this country's legal traditions and central to the concept of ordered liberty. Defendants' conduct has deprived Plaintiffs and Plaintiff Class members of that fundamental right.

93.    42 U.S.C. § 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (R.S. §1979; Pub. L. 96–170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.)

94.    It is the policy and custom of Defendants and the Defendant Class to use for public purposes and not deliver or tender to Plaintiffs or Plaintiff Class members their property or surplus proceeds that Defendants took from them without just compensation.

95.    Defendants Marion County and Clackamas County and the Defendant Class members are liable to Plaintiffs and the Plaintiff Class members under 42 U.S.C. § 1983.

96.    The actions of Marion County and Clackamas County, and the Defendant Class have caused Plaintiffs and Plaintiff Class to suffer material damages pursuant to 42 U.S.C.

§ 1983.  Defendants and Defendant Class are liable to pay Plaintiffs and Plaintiff Class money damages for their injuries.

## COUNT III

### VIOLATION OF THE TAKINGS CLAUSE, ARTICLE 1, § 18 OF THE OREGON CONSTITUTION

### ASSERTED AGAINST DEFENDANT MARION COUNTY, DEFENDANT CLACKAMAS COUNTYAND THE DEFENDANT CLASS

97.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1–73 as if fully set forth herein.

98.     Article I, section 18 of the Oregon Constitution provides, "Private property or services taken for public use.  Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered[.]"

99.     Article I, section 18 requires the government to determine and pay just compensation before taking private property for a public use.

100.    Marion County, Clackamas County, and the Defendant Class took, retained, and distributed the surplus proceeds or kept the excess value of the property without a valid public use.

101.    Marion County, Clackamas County, and the Defendant Class took, retained, and distributed the surplus proceeds or kept the excess value of the property without providing just compensation.

102.    The Takings of Plaintiffs and the Plaintiff Class Members' property by Marion County, Clackamas County, and the Defendant Class without just compensation injured Plaintiffs and the Plaintiff Class, and they are entitled to just compensation and other relief.

## COUNT IV

**VIOLATION OF THE U.S. CONSTITUTION'S
EIGHTH AMENDMENT PROHIBITION ON EXCESSIVE FINES, 42 U.S.C. § 1983**

**ASSERTED AGAINST DEFENDANT MARION COUNTY, DEFENDANT
CLACKAMAS COUNTY, AND THE DEFENDANT CLASS**

103.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1–73 as if fully set forth herein.

104.    The Eighth Amendment to the U.S. Constitution prohibits the imposition of excessive fines.

105.    Confiscating the entire value of Plaintiffs' and Plaintiff Class Members' property including the excess or surplus equity in Plaintiffs' and Plaintiff Class Members' properties because of non-payment of small amounts of real estate taxes is an excessive fine under Eighth Amendment to the U.S. Constitution.

106.    Defendants and the Defendant Class are engaged in assessing and collecting prohibited excessive fines.

107.    Pursuant to ORS 312.200, Defendants and the Defendant Class are also engaged in levying penalties against Plaintiffs and Plaintiff Class members, in excess of the associated fees and costs of the unpaid taxes, in order for Plaintiffs and Plaintiff Class Members to redeem their properties.

108.    Plaintiffs and the Plaintiff Class face a threat of great and irreparable harm if, after a trial on the merits, a permanent injunction is not granted, in that there is a threat that Defendants and Defendant Class members will continue to violate their property rights.

109.    Plaintiffs and the Plaintiff Class have no adequate legal remedy to protect their property interests from the ongoing unconstitutional and unlawful conduct herein described.

110.    The unlawful excessive fines under the U.S. Constitution have injured and
damaged Plaintiffs and the Plaintiff Class members and they are entitled to relief as a result.

### DEMAND FOR JURY TRIAL

111.    Plaintiffs demand trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

(a)    The Court determine this action may be maintained as a class action
pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2) and (b)(3), on
behalf of the Plaintiff Class with Plaintiffs being designated as class
representatives, and appointing Plaintiffs' counsel as counsel to the
Plaintiff Class;

(b)    The Court determine this action may be maintained as a class action
pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2) and (b)(3), on
behalf of the Defendant Class with Defendants Marion County and
Clackamas County designated as class representatives;

(c)    The Court issue a declaratory judgment declaring and adjudging that ORS
275.275 violates the Fifth, Eighth and Fourteenth Amendments to the U.S.
Constitution;

(d)    The Court issue a declaratory judgment declaring and adjudging that the
Defendants' and Defendant Class's takings of the surplus proceeds
constitute a Taking of private property for public use without just
compensation in violation of the Fifth Amendment to the U.S. and Oregon
Constitutions;

(e)    The Court issue a declaratory judgment declaring and adjudging that the

Defendants' and Defendant Class's taking of foreclosed and unsold

properties, valued above the amount of taxes and associated fees owed,

constitute a Taking of private property for public use without just

compensation in violation of the Fifth Amendment to the U.S. and Oregon

Constitutions;

(f)    The Court issue a declaratory judgment declaring that Defendants' and the

Defendant Class's takings of Plaintiffs' and Plaintiff Class members'

property was for no valid public use and violates the U.S. and Oregon

Constitutions;

(g)    The Court issue a preliminary and permanent injunction against all

Defendants from retaining surplus proceeds from tax foreclosure sales and

distributing those proceeds pursuant to ORS 275.275 and from enforcing

ORS 275.275.

(h)    The Court award Plaintiffs and Plaintiff Class members either the value of

the surplus proceeds of the property minus the taxes and associated fees

owed at the time of the sale, or, for properties retained by but not sold by

Defendant Counties and the Defendant Class, the difference between the

fair market value of the property and the taxes and associated fees that the

former property owner owed;

(i)    The Court award all other appropriate damages in an amount to be

determined at trial;

(j)     The Court award Plaintiffs and the Plaintiff Class members prejudgment

and post-judgment interest, as permitted by law;

(k)      The Court award Plaintiffs and Plaintiff Class members all costs and fees,

including attorneys' fees, as permitted by law and pursuant to 42 U.S.C.

§ 1988 and ORS 20.085; and

(l)     The Court grant such other legal, declaratory, equitable or further relief as

the Court may deem just and proper.

DATED this 28th of December, 2023

Respectfully submitted,

/s/ Nadia H. Dahab

**Joseph C. Kohn** (*pro hac vice forthcoming*)          **David F. Sugerman**, OSB No. 862984
**William Hoese** (*pro hac vice forthcoming*)          **Nadia H. Dahab**, OSB No. 125630
**Zahra R. Dean** (*pro hac vice forthcoming*)          SUGERMAN DAHAB
**Elias A. Kohn** (*pro hac vice forthcoming*)          707 SW Washington St., Ste. 600
KOHN SWIFT & GRAF, P.C.                      Portland, OR 97205
1600 Market Street, Suite 2500               T: (503) 228-6474
Philadelphia, PA 19103                       david@sugermandahab.com
T: (215) 238-1700                            nadia@sugermandahab.com
jkohn@kohnswift.com
zdean@kohnswift.com
whoese@kohnswift.com
ekohn@kohnswift.com

**Gregory P. Hansel** (*pro hac vice forthcoming*)          **David H. Fink** (*pro hac vice forthcoming*)
**Shana M. Solomon** (*pro hac vice forthcoming*)          **Nathan J. Fink** (*pro hac vice forthcoming*)
**Elizabeth F. Quinby** (*pro hac vice forthcoming*)          **Calder Burgam** (*pro hac vice forthcoming*)
**Michael D. Hanify** (*pro hac vice forthcoming*)          FINK BRESSACK
PRETI FLAHERTY BELIVEAU                      38500 Woodward Avenue, Suite 350
& PACHIOS, CHARTERED, LLP                    Bloomfield Hills, MI 48304
One City Center                              T: (248) 971-2500
P.O. Box 9546                                dfink@finkbressack.com
Portland, ME 04112                           nfink@finkbressack.com
T: (207)791-3000                             cburgam@finkbressack.com
ghansel@preti.com
ssolomon@preti.com                           *Counsel for Plaintiffs and the Proposed Class*
equinby@preti.com
mhanify@preti.com

PLAINTIFFS DEMAND A TRIAL BY JURY.

/s/ Nadia H. Dahab
**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
707 SW Washington St., Ste. 600
Portland, OR 97205