Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
SNELL & WILMER L.L.P.
601 SW Second Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:     503.624.6800
Facsimile:     503.624.6888
Attorneys for defendants Baker County, Columbia
County, Jackson County, Josephine County, Klamath
County, and Marion County

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| MARTIN LYNCH, et al., | Case No. 3:23-cv-1502-IM (lead case) |
|     Plaintiffs, | |
| | **GABBERT DEFENDANTS' MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(B)(6)** |
|     v. | |
| MULTNOMAH COUNTY, et al., | |
|     Defendants. | |
| MATTHEW GABBERT, et al., | Case No. 1:23-cv-01434-IM (trailing case) |
|     Plaintiffs, | |
|     v. | |
| JOSEPHINE COUNTY, OREGON, et al., | |
|     Defendants. | |
| JEFFREY SAWYER, et al., | Case No. 3:23-cv-01971-IM (trailing case) |
|     Plaintiffs, | |
|     v. | |
| MARION COUNTY, et al., | |
|     Defendants. | |
| JERRY BAKER, | Case No. 2:24-cv-01503-IM (trailing case) |
|     Plaintiff, | |
|     v. | |
| BAKER COUNTY, | |
|     Defendant. | |

## LR 7.1 CERTIFICATION

Undersigned counsel certifies that the parties conferred on this motion, including as to each claim or issue pursuant to LR 7.1(a)(2), but did not resolve it.

## MOTION

Defendants Columbia County, Jackson County, Josephine County, Klamath County, and Marion County ("Gabbert Defendants"), hereby move to dismiss the Third Amended Complaint in its entirety. The motion is based on the following Memorandum, matters subject to judicial notice, the Court's file, and any further evidence or argument that Gabbert Defendants might offer in reply or at a hearing on this Motion.

## I.      Introduction

Plaintiffs assert two claims for relief: a *Monell* claim alleging a violation of the federal Takings Clause, and a claim alleging violation of the Takings Clause of the Oregon Constitution, Art. 1, § 18. On the face of the Third Amended Complaint, both claims arise entirely from the fact that until recently, Gabbert Defendants followed the requirements of Or. Rev. Stat. § 275.275—the statute that <u>required</u> all 36 Oregon counties to disburse "surplus" proceeds to taxing authorities and not to persons owning a beneficial interest in properties sold through tax lien foreclosures.

Although the Third Amended Complaint alleges that Gabbert Defendants have acted pursuant to county policies, plaintiffs in fact allege nothing more than that the Gabbert Defendants carried out their mandatory duties outlined in Or. Rev. Stat. § 275.275:

- The Gabbert Defendants "have a longstanding policy of seizing properties that have unpaid tax debts, selling them for substantially more than the money owed, and keeping the profits." TAC, ¶ 1.

- Josephine County "did not offer any process that would have allowed the Gabberts to recover the surplus proceeds from the sale of their property," has not issued a refund for

SNELL & WILMER
601 SW 2ND AVENUE, SUITE 2000
PORTLAND, OREGON 97204-3229
503.624.6800

surplus, and "has in identical fashion, and pursuant to its
longstanding policy, kept surplus proceeds from the sale of
other properties that were seized because of a tax debt."
TAC, ¶¶ 21-23.

- Regarding two other sales, "Josephine County kept all
proceeds of the December 2021 and September 2022 sales
without offering any process for the property owner to
recover their remaining equity." TAC, ¶ 26.

- Same allegations as to Marion County. TAC, ¶¶ 31-35.

- Same allegations as to Jackson County. TAC, ¶¶ 38-41.

- Same allegations as to Columbia County. TAC, ¶¶ 45-48.

- Same allegations as to Klamath County. TAC, ¶¶ 53-56.

- "Common legal and factual questions arise from one
central scheme: the County Defendants' identical policy of
seizing property based on property tax debt and keeping the
surplus proceeds from the sale of the seized property."
TAC, ¶ 65.

- Issues common to the alleged class include "Whether the
County Defendants have a policy of seizing property to
satisfy unpaid property tax debt and keeping the surplus
proceeds from the sale of the seized property." TAC, ¶ 66a.

*Monell* Claim

- "Defendants Marion, Columbia, and Klamath Counties
acting under color of law and pursuant to longstanding
policies unconstitutionally retained the surplus proceeds
they received from the sale of Plaintiffs' properties." TAC,
¶ 81.

SNELL & WILMER
601 SW 2ND AVENUE, SUITE 2000
PORTLAND, OREGON 97204-3229
503.624.6800

- "Defendants Marion, Columbia, and Klamath Counties have not paid Plaintiffs and others similarly situated just compensation in the form of the surplus proceeds recovered from the taking and sale of their properties." TAC, ¶ 82.

  Art. 1, § 18 of the Oregon Constitution

- "The County Defendants acting under color of law and pursuant to longstanding policies, unconstitutionally retained the surplus proceeds they received from the sale of Plaintiffs' properties, in violation of Article I, Section 18 the Oregon Constitution." TAC, ¶ 86.

The Court should dismiss the *Monell* claim pursuant to *Wilkins v. Herron*, No. 24-80, 2024 WL 5200177 (9th Cir. Dec. 23, 2024), *petition for cert. filed*, No. 25-9 (U.S. June 27, 2025), a Ninth Circuit memorandum opinion filed three days before this Court's Consolidated Opinion on the motions to dismiss, ECF No. 71. In *Wilkins*, the Ninth Circuit affirmed Judge Aiken's dismissal of a *Monell* claim pursuant to Rule 12(b)(6), because the complaint alleged nothing more than that a school district complied with assertedly unconstitutional state law. *Id.* at *2. Because the district was alleged only to have followed state law, there was no policy or custom of the district to support a *Monell* claim. *Id.* That is precisely the case here.

The Court also should dismiss the claim under Article 1, section 18, of the Oregon Constitution for a similar reason. Oregon appellate courts have stressed that liability for a taking arises "when government has intentionally authorized" the taking. *Dunn v. City of Milwaukie*, 355 Or. 339, 358 (2014). The Gabbert Counties had no choice but to comply with Or. Rev. Stat. § 275.275 and disburse surplus to other taxing authorities rather than to property owners. They did not "intentionally authorize" anything; all they did was perform the ministerial acts required of them by a compulsory statute.

SNELL & WILMER
601 SW 2ND AVENUE, SUITE 2000
PORTLAND, OREGON 97204-3229
503.624.6800

II.    **Applicable legal standard on a Rule 12(b)(6) motion to dismiss.**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

III.    **The Court should dismiss the *Monell* claim because the Third Amended Complaint does not identify a policy of the counties.**

Pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), a county may be liable for constitutional violations if a plaintiff shows that they suffered injury "caused by a municipal policy or custom." *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 31 (2010). That is so whether the plaintiff seeks monetary damages or prospective relief. *Id.* A county may be held liable "only for its own violations of federal law," *id.* at 36, and a municipal policy or custom must be a "deliberate choice to follow a course of action . . . made from among various alternatives." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (simplified).

Three days before this Court ruled on the Counties' motion to dismiss the initial Complaint, the Ninth Circuit Court of Appeals issued its memorandum opinion in *Wilkins v. Herron*, No. 24-80, 2024 WL 5200177 (9th Cir. Dec. 23, 2024), *petition for cert. filed*, No. 25-9

SNELL & WILMER
601 SW 2ND AVENUE, SUITE 2000
PORTLAND, OREGON 97204-3229
503.624.6800

(U.S. June 27, 2025). There, the Ninth Circuit affirmed Judge Aiken's dismissal of *Monell* claims against Bend La-Pine Administrative School District 1 that were based on the district's enforcement of Oregon state COVID vaccine and mask mandates, 2024 WL 15200177 at *1, which the district was bound by state law to enforce, *id.* at *2. The court held that the plaintiff "has failed to allege that his injuries were caused by any conduct of Defendants not required by state law," which necessarily meant plaintiff had "failed to allege that his injuries are traceable to any policy or custom of the <u>School District</u>, as opposed to state law." *Id.* (emphasis added).

Pursuant to *Wilkins*, and consistent with *Benavidez*'s requirement that a county have made a choice "from various alternatives," the Court should dismiss Plaintiffs' *Monell* claim because Plaintiffs allege nothing more than that the Counties complied with mandatory state law. Plaintiffs' *Monell* claim relies on a single policy: disbursing to taxing authorities, and not to prior owners, the proceeds of tax foreclosure sales that exceeded the value of the tax liens foreclosed on, after making permissible deductions (herein, "surplus proceeds"). TAC, ¶¶ 1, 2, 23, 33, 40, 47, 56, 65 ("Common legal and factual questions arise from one central scheme: the County Defendants' identical policy of seizing property based on property tax debt and keeping the surplus proceeds from the sale of the seized property."), and 66a.

Until the Oregon legislature enacted HB 4056, effective June 6, 2024, Oregon law, codified at Or. Rev. Stat. § 275.275, indisputably required the Counties to distribute surplus proceeds to government entities and not to a former owner. As the Oregon Court of Appeals recently noted: "Critically, if the county sells the property, the proceeds <u>must</u> be distributed to the county or local government according to the provisions set out in Or. Rev. Stat. § 275.275. That statute does not include a provision allowing funds to be distributed to a former property owner." *W. States Land Reliance Tr. v. Linn Cnty.*, 343 Or. App. 280, 290 (2025) (emphasis added); *see also Reinmiller v. Marion Cnty., Oregon*, No. 05-1926-PK, 2006 WL 2987707, at *6 (D. Or. Oct. 16, 2006) (in context of pre-*Tyler* takings challenge, characterizing Or. Rev. Stat. § 275.275 as a "compulsory distribution scheme"); *State ex rel. Columbia Cnty. Sch. Dist. No. 13 v. Columbia Cnty.*, 66 Or. App. 237, 248 (1983) (noting that, under what had been Or. Rev. Stat.

GABBERT MTD TAC – Page 5

§ 275.275(2), "[t]he county has no discretion to select which entities receive funds or to decide how much each entity receives").

Because the *Monell* claim falls squarely within *Wilkins*, the Court should dismiss that claim.

## IV. The Court should dismiss the Or. Const. art. I, § 18 claim because the Gabbert Defendants did not intentionally authorize the taking of surplus.

Only a taking "intentionally authorized" by a government defendant can give rise to an inverse condemnation claim against that government defendant under Article 1, section 18, of the Oregon Constitution. *Dunn v. City of Milwaukie*, 355 Or. 339, 348 (2014); *see Mossberg v. Univ. of Oregon*, 240 Or. App. 490, 501 (2011) (holding that there was no taking because, among other reasons, there was no evidence that public university authorized the alleged taking at issue or that a taking was its "goal"). The post-foreclosure disbursement of surplus to taxing authorities rather than to property owners can be a "taking" only if the Gabbert Counties intentionally authorized doing so.[1]

Just as the *Monell* claim fails under *Wilkins* because the Gabbert Counties merely carried out mandatory state law and therefore did not act on an official county policy, the state takings claim fails because the Gabbert Counties did not "intentionally authorize" it—rather, the State required it. In Oregon, "counties are but subdivisions of the state, created by the legislature for political and civil purposes as agencies of the state government, they are entirely subject to legislative control except so far as restricted by the constitution of the state." *Sch. Dist. No. 1, Multnomah Cnty. v. Multnomah Cnty.*, 164 Or. 336, 345 (1940). Through Or. Rev. Stat. § 275.275, the State prescribed how counties disposed of surplus proceeds, so the Gabbert Counties cannot be said to have intentionally authorized the disbursement of surplus to taxing authorities rather than to property owners. *See* Authorize definition, *Black's Law Dictionary*

---

[1] Likewise, it is by operation of state law, rather than by Gabbert Defendants' intentional authorization, that property owners lost all interest in their surplus upon foreclosure. Or. Rev. Stat. §§ 312.125(2)(c), 312.200; *Western States Land Reliance Trust*, 343 Or. App. at 289 (so noting).

SNELL & WILMER
601 SW 2ND AVENUE, SUITE 2000
PORTLAND, OREGON 97204-3229
503.624.6800

(12th ed. 2024) *available at* Westlaw ("To formally approve; to sanction.").[2]

 Because the Gabbert Defendants had to follow state law; because state law required the Gabbert Defendants to disburse surplus proceeds solely as prescribed in Or. Rev. Stat. § 275.275; and because the Gabbert Defendants, acting under compulsion, did not themselves intentionally authorize the takings alleged in the Third Amended Complaint, the Gabbert Defendants cannot be liable under the Oregon Takings Clause.

## V. Conclusion

 For the foregoing reasons, the Court should dismiss with prejudice the Third Amendment Complaint against the Gabbert Defendants.

Dated this 26th day of September, 2025  SNELL & WILMER L.L.P.


*/s/ Clifford S. Davidson*
Clifford S. Davidson, OSB No. 125378

Attorneys for Baker County, Columbia County, Jackson County, Josephine County, Klamath County, and Marion County

4902-6568-4842

---

[2] Effective September 26, 2025, Oregon counties are to remit surplus funds to the State Treasurer, which will administer a program by which property owners may recover surplus as unclaimed property. *See* H.B. 2089 (2025), *available at* *https://olis.oregonlegislature.gov/liz/2025R1/Downloads/MeasureDocument/HB2089/Enrolled*.

GABBERT MTD TAC – Page 7

SNELL & WILMER
601 SW 2ND AVENUE, SUITE 2000
PORTLAND, OREGON 97204-3229
503.624.6800