IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARTIN LYNCH, et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **MULTNOMAH COUNTY, et al.**, <br><br> Defendants. | Case No. 3:23-cv-01502 <br><br> **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT BEFORE THE PLAINTIFF SETTLEMENT CLASS AND DEFENDANT MULTNOMAH COUNTY** |

**IMMERGUT, District Judge.**

Upon consideration of the Motion for Final Approval of the Settlement of the above-referenced litigation under the terms of a Settlement Agreement, ECF 155, and having heard argument regarding the fairness and adequacy of the Settlement Agreement at the Fairness Hearing conducted on November 10, 2025, the Court hereby orders and adjudges as follows:

1. For purposes of this Order, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2. The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Court's Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted due,

PAGE 1 – ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement Agreement; (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules; and (e) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of (i) the pendency of the action; (ii) the effect of the proposed Settlement Agreement (including the releases to be provided thereunder); (iii) Lead Counsel's proposed Attorneys' Fees; (iv) their right to object to any aspect of the Settlement Agreement or Lead Counsel's Motion for Attorneys' Fees; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Fairness Hearing. Settlement Notice was timely distributed by mail to all Class Members whose addresses could be located with reasonable effort, as well by publication, and Settlement Notice was published on the Settlement Website maintained by Class Counsel.

3.  Class Members had the opportunity to be heard on all issues regarding the reasonableness and adequacy of the Settlement Agreement, including with respect to the resolution and release of their claims, by submitting objections to the Settlement Agreement to the Court, and by participating in the Fairness Hearing.

4.  The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the settlement of the litigation as to Defendant Multnomah Count is **APPROVED** as fair,

PAGE 2 – ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

reasonable, and adequate, and the settling parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

5. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3), this Court hereby certifies the following class (the "Settlement Class"):

> All Persons and entities, and their heirs, successors and assignees, who owned or had an ownership interest in, or a valid lien on real property that Defendant Multnomah County obtained through a foreclosure action to satisfy unpaid real estate taxes or other County or local government taxes and fees and associated fees and penalties, which the County sold for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period.

6. Consistent with the Settlement Agreement, the following are excluded from the Settlement Class:

(i) All governmental units and entities of any type whatsoever including, but not limited to, U.S. Department of Treasury, the Internal Revenue Service, the State of Oregon, and Multnomah County, albeit this provision does not apply to estate administrators who pursuing claims on behalf of a deceased Eligible Claimant's estate;

(ii) All former holders of an interest in an Eligible Property as to which any Eligible Claimant has submitted a request to be excluded from the Class under the procedures set forth in the Class Notice that is accepted by the Court and which is not timely revoked;

(iii) All former holders of an interest in an Eligible Property by reason of a lien to secure payment of a debt or judgment which debt or judgment has since been satisfied or released; and

(iv) All Potential Claimants who have already released their claim for Surplus Proceeds against Multnomah County through a settlement agreement,

release or a final judicial judgment as to which there is no appeal pending and/or the time to appeal has expired.

7. The Court appoints Kyle Queahpama as heir of the Estate of Roberta Queahpama as the class representative for the Settlement Class.

8. For the purposes of settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in this action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the representatives for the Settlement Class in the action are typical of the claims of the Settlement Class; (d) the persons and entities appointed as representatives of the Settlement Class and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this action.

9. The Court finds that the Settlement Agreement was negotiated at arm's length over the course of many months between experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of the case.

10. Pursuant to Rule 23(g), the Court appoints Lead Counsel (Fink Bressack; Kohn, Swift & Graf, P.C.; and Preti, Flaherty, Beliveau & Pachios, Chartered, LLP) and Liaison Counsel (Sugerman Dahab) (collectively as "Class Counsel"), finding that Class Counsel are

well-qualified and experienced in class action litigation and fairly and adequately represent the Settlement Class.

11. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was provided to the Attorney General of Oregon, and the Attorney General of the United States.

12. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

13. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement Agreement in all respects and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Settlement Class. In making this determination, the Court considered the following factors: (i) the likelihood of success at trial and the range of possible recovery; (ii) the complexity, expense, and duration of litigation; (iii) the benefits obtained for the Settlement Class under the terms of the Settlement Agreement; (iv) the procedure used to notify Class Members of the proposed Settlement Agreement; (v) the judgment of experienced counsel; (vi) the stage of proceedings at which settlement was achieved; and (vii) the substance and amount of opposition to the settlement. The Court concludes, among other findings, that (a) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (b) the Settlement Agreement was negotiated by the parties at arm's length; (c) the relief provided by the Settlement Agreement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing relief to the Settlement Class, and the proposed attorneys' fee award; (d) the Settlement Agreement treats

members of the Settlement Class equitably relative to each other; and (e) the Settlement Agreement is in the public interest.

14. With respect to the determination that the Agreement is fair, reasonable and adequate, the Court specifically notes that this Litigation involves complex and novel factual and legal issues, and the settlement amount reflects a substantial settlement to Class Members.

15. This Order is binding on all Class Members. No individuals or entities validly or timely excluded themselves from the Settlement Class as confirmed in the Declaration of Frank Ballard of Kroll Settlement Administration LLC in Connection With Final Approval of Settlement filed November, ECF No. 176.

16. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, and discharged by virtue of these proceedings and this Order.

17. The Court hereby permanently enjoins and restrains Class Members, who did not validly, timely, and in the manner provided for in the Class Notice, exclude themselves from the Settlement Class from commencing or prosecuting any action, suit, claim or demand against any of the parties released by virtue of the Agreement arising out of or relating to the Released Claims set forth in the Agreement.

18. The operative complaint and all claims asserted therein in this litigation are hereby dismissed with prejudice and without costs as to Defendant Multnomah County and the Releasees as provided for in the Settlement Agreement.

19. Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over the Parties for purposes of the administration, interpretation,

implementation, and enforcement of the Settlement Agreement; the motion for an award for attorneys' fees and costs; and Settlement Class Members for all matters relating to this action.

20. Judgment is hereby entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing the Action as to Defendant Multnomah County only there being no just reason to delay entry of such judgment.

21. A separate order shall be entered regarding the motion of Class Counsel for Attorneys' Fees. Such order shall in no way affect or delay the finality of this Order and shall not affect or delay the effective date of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED this 13th day of November, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 7 – ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT